UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MATTHEW WATSON                                        CIVIL ACTION

v.                                                    NO. 11-758

THE CITY OF NEW ORLEANS, ET AL.                       SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to strike the plaintiff's supplemental witness list. For the reasons that follow, the motion is DENIED.

**Background**

Matthew Watson filed this Section 1983 lawsuit against the City of New Orleans and unidentified police officers, seeking to recover for injuries allegedly sustained as a result of an incident that occurred on Bourbon Street when Watson was in New Orleans for a bachelor party. Following a scheduling conference, this Court issued a scheduling order, which requires that witness lists be filed no later than 63 days prior to the pre-trial conference; the pre-trial conference is scheduled for May 1, 2012 and a jury trial is scheduled for May 14, 2012. Both plaintiff and defendants filed initial witness lists, followed by supplemental witness lists.[1]

---

[1] The plaintiff filed his supplemental witness list on March 20, 2012, about three weeks after the deadline and about two weeks after the defendants filed a supplemental witness list.

I.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order, once issued, "may be modified only for good cause and with the judge's consent." This Court's scheduling order likewise provides that a request for an extension of deadlines will only be granted "upon a showing of good cause."

The defendants contend that the plaintiffs' supplemental witness list was filed in contravention of Rule 16(b) and this Court's scheduling order.[2] Accordingly, the defendants urge the Court to strike the supplemental witness list. An order striking the supplemental witness list is unwarranted, however, because the plaintiff has shown good cause for the tardy submission.

The Court considers four facts in determining whether the good cause standard is met: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546

---

Neither side's supplemental witness lists were accompanied by a request for leave of Court to file the untimely lists. It is also worth noting that *both* sides specifically reserved their "right" to supplement their witness lists as called for by ongoing discovery.

[2]The defendants complain that the plaintiff failed to properly request leave of Court to file his supplemental witness list and that the plaintiff has not shown good cause for filing his supplemental witness list outside the deadline established by the scheduling order.

(5th Cir. 2003).

The plaintiff contends that he can establish good cause for filing a supplemental witness list because (1) the plaintiff only recently discovered (during a deposition on March 14, 2012), after the deadline for filing witness lists had expired, that the two individuals added to the plaintiff's witness list were actually eye witnesses to the incident that resulted in the plaintiff's alleged injury; (2) the defendants will not be prejudiced by the addition of two new witnesses; (3) assuming that there is some prejudice, the plaintiff has no objection to continuing the discovery cutoff so that the defendants may depose the two additional witnesses or, in any event, the trial could be continued to cure any potential prejudice; and (4) the two additional witnesses would be helpful to the trier of fact and are important in that they are the only non-parties known to have witnessed the incident.

The Court admonishes counsel for plaintiff for failing to request leave to file the supplemental witness list;[3] however, the Court finds that the plaintiff has established good cause for adding to his witness list two alleged eye witnesses after the

---

[3]The Court notes that the defendants also filed a supplemental witness list after the deadline had passed but before the plaintiff filed his witness list; defendants did not seek leave of Court.  Not only should counsel be mindful of the deadlines prescribed by the Court's scheduling order, but counsel should extend the professional courtesy of communicating before filing contradictory motions and, perhaps instead, in the interest of conserving judicial resources, consider jointly requesting extensions if the circumstances permit.

deadline established by the scheduling order had expired. Counsel for plaintiff discovered, after the deadline for filing witness lists had expired, that there were two alleged eyewitnesses to the alleged incident; the listed witnesses are important and likely would be helpful to the trier of fact. And of course, to cure any asserted prejudice to the defendants,[4] the Court will entertain a request to extend the discovery deadline.

    The defendants' motion to strike is DENIED.

                            New Orleans, Louisiana, April 10, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] The defendants complain that the discovery deadline expired shortly after the plaintiff filed his supplemental witness list. Counsel for plaintiff has responded that even the deposition of the plaintiff himself lasted only an hour and a half and, moreover, that he will coordinate the two depositions together "immediate[ly]" at a time convenient to counsel for defendants.